IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD THOMPSON,<br>                   Plaintiff,<br>    vs.<br>MATTHEW D'EMILIO, ESQ.; DEANNE<br>H. D'EMILIO,<br>                   Defendants. | Civil Action No. 13-15<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 6 |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Plaintiff Leonard Thompson ("Plaintiff"), a *pro* se litigant, commenced this action against Defendants Matthew D'Emilio, Esq. and Deanne H. D'Emilio (collectively, "Defendants") relative to the incorporation of a company known as Triple I.

Presently before the Court is a Motion to Dismiss Complaint submitted on behalf of Defendants. ECF No. 6. For the reasons that follow, the Motion will be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

According to the Complaint, sometime in November of 1993, Plaintiff and a business partner, Tom Michaels, hired the Defendants to incorporate Triple I, which subsequently became known as Quad I, Inc. ("Quad I"). ECF No. 3, ¶¶ 5-6. Plaintiff claims that, of the one thousand shares that were issued, 300 were issued to him and held in trust by Defendant Deanne H. D'Emilio. Id. at ¶ 7. After an unspecified amount of time during which Plaintiff secured a line of credit and purchased "a 60 ft. container of latex gloves" from a medical supply manufacturer, it appears that Plaintiff became ill and required major surgery. Id. at ¶¶ 8-10. Upon his recovery, and after several failed attempts to meet with Tom Michaels regarding Plaintiff's financial stake in Quad I, Plaintiff contacted Defendant Matthew D'Emilio requesting that he

return Plaintiff's shares to him. Id. at ¶¶ 11-13. Plaintiff's attempts to obtain the shares from Matthew D'Emilio apparently proved unfruitful and Plaintiff, consequently, initiated two disciplinary proceedings against Matthew D'Emilio. Id. at ¶ 14. According to Plaintiff, Matthew D'Emilio told the disciplinary counsel investigating the first disciplinary complaint that he turned over the minute books for Quad I to Tom Michaels; Mr. D'Emilio, however, apparently made no mention of the stock certificates. Id. at ¶ 15. During the second investigation, however, Matthew D'Emilio told the disciplinary counsel that he turned over all the stock certificates at the time the company was formed, and that at no time did he or his wife, Deanne H. D'Emilio, hold any stock on Plaintiff's behalf. Id. at ¶¶ 16-17. Matthew D'Emilio also stated that Quad I filed a final tax return in the late 1990's and ceased to operate at that time. Id. at ¶ 18. Plaintiff alleges that he subsequently contacted State Senator Jim Furlow [sic] regarding the matter and was informed that the Secretary of State could not find any information on Quad I. Id. at ¶¶ 19-21. Plaintiff claims "it was therefore concluded that there has never been any corporation by the name of Quad I, Inc." Id. at ¶ 22.

Plaintiff filed the instant Complaint on January 17, 2013. Plaintiff does not set forth a specific legal claim or basis for relief in the Complaint but simply asks that judgment be entered against Defendants for damages and any other relief that the Court deems just.

On March 19, 2013, Defendants filed a Motion to Dismiss Complaint ("the Motion"), ECF No. 6, in which they argue that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) as the Court is without subject matter jurisdiction. Alternatively, Defendants argue that the Complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim. Plaintiff filed a Brief in Support

of Opposition to Motion to Dismiss Complaint, ECF No. 15, on April 12, 2013.  As such, the Motion is ripe for review.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter or if the plaintiff lacks standing to bring his claim.  Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction.  In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply.  In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint.  See Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

In reviewing a factual challenge to the Court's subject matter jurisdiction, which is at issue here, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint.  See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction.  See Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).  Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists.  Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d at 891.

## III.    DISCUSSION

In his Complaint, Plaintiff asserts that while he and Defendant Deanne H. D'Emilio are residents of Pennsylvania, Defendant Matthew D'Emilio is a resident of Delaware, and that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Plaintiff also

asserts that this Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1311. Defendants, however, argue that subject matter jurisdiction is lacking under either statute thereby requiring that the Complaint be dismissed. The Court agrees.

### A. Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332

For a federal court to exercise diversity jurisdiction over an action, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). Citizenship of a natural person is determined by the state of his or her domicile. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).

Here, Plaintiff has not alleged a specific amount in controversy in the Complaint or set forth any facts from which it could be inferred that the amount in controversy exceeds $75,000.[1] On that basis alone, the Court finds that Plaintiff has failed to meet his burden of establishing that diversity jurisdiction lies with this Court. See Brett v. Unknown, 2012 WL 4932593, at *2 (M.D. Pa. Oct. 16, 2012) ("[t]he Magistrate Judge also correctly determined that diversity jurisdiction was not properly alleged, as ... nothing within the Complaint suggests a matter in controversy exceeding the sum or value of $75,000 as required by 28 U.S.C. § 1332(a)(1)").

In addition, Plaintiff appears to acknowledge that his representation in the Complaint that Defendant Matthew D'Emilio is a resident of Delaware is inaccurate. Specifically, Plaintiff states that, although he "found an address for one Matthew D'Emilio, Esq., it turns out now that it was not the Defendant." ECF No. 15, p. 1. Indeed, Plaintiff has submitted the letter he

---

[1] Although Plaintiff asserts in his brief in opposition to the Motion that the contract to import cargo containers of latex gloves exceeds $75,000, it is well established that a plaintiff may not amend the Complaint through the brief filed in opposition to a motion to dismiss. See Commonwealth of Pa. ex. rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988). This notwithstanding, even if the Court were to find that the $75,000 threshold has been met, as discussed below, Plaintiff is nevertheless unable to establish diversity jurisdiction.

received from the "other Matthew D'Emilio" from which it is clear that he is not the Matthew D'Emilio who is the subject of Plaintiff's Complaint. See ECF 15-1. Moreover, although Defendant Matthew D'Emilio has not provided the Court with an affidavit or sworn declaration, he has represented through his attorney that he has never resided or been domiciled in Delaware but has resided and worked in Pennsylvania for the past thirty years. ECF No. 8, p. 2. It is therefore clear that this controversy is not between citizens of different states and subject matter jurisdiction cannot be based on diversity under 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331

Federal district courts also have original jurisdiction over "federal question" cases or civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[Section] 1331's 'all civil actions arising under' language has been interpreted to ensure that only cases 'in which a well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law' come into federal court under the court's federal question jurisdiction." Landsman & Funk PC v. Skinder-Strauss Associates, 640 F.3d 72, 81 n. 8 (3d Cir. 2011), *quoting* Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 28 (1983). See Brett v. Brett, 503 F. App'x 130, 132 (3d Cir. 2012), *quoting* Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d Cir. 2005) ("federal courts have federal question jurisdiction only when a federal claim appears in the complaint").

As previously discussed, Plaintiff in this case has not identified any cause of action or specific legal basis for his claims in the Complaint and, even construing the factual allegations in the Complaint as liberally as possible, the Court is hard pressed to find that one exists. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) ("[b]ecause Plaintiff is

proceeding pro se in this action, the Court construes the complaint liberally"). Indeed, Plaintiff has argued in his brief in opposition to Defendants' Motion to Dismiss that the legal claims at issue are "Fraud, Unjust Enrichment, Conspiracy and Self-Dealing trustees." ECF No. 15, p. 3. These are state law claims and do not arise under the United States Constitution or federal law. See Chadda v. Magady, 481 F. App'x 795, 796 (3d Cir. 2012) (finding that the plaintiff's allegations that the defendants obtained the property through fraud, and that Magady committed malpractice in connection with the transaction "raise—at best—tort claims under state, and not federal, law"); Rockefeller v. Comcast Corp., 424 F. App'x 82, 83 (3d Cir. 2011) (finding that the plaintiff's claims that Comcast damaged his property, committed fraud and theft, overbilled for services, and fraudulently advertised did not present a federal question pursuant to § 1331); Curran v. Spyder, 2012 WL 1802039, at *1 (M.D. Pa. April 25, 2012), *Report and Recommendation adopted by* 2012 WL 1802052 (M.D. Pa. May 17, 2012) ("because claims for breach of contract, fraud, slander, and libel do not arise under the Constitution, laws, or treaties of the United States, the court does not have federal question jurisdiction"). Thus, even if the Court could construe Plaintiff's Complaint as setting forth claims for fraud, unjust enrichment, conspiracy and "self-dealing trustees," these claims do not present a federal question. The Court therefore is without jurisdiction under 28 U.S.C. § 1331.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that it is without subject matter jurisdiction and that the Complaint in this matter is properly dismissed.[2] Accordingly, the following Order is entered:

---

[2] Having found that this Court does not have subject matter jurisdiction, the Court has not addressed Defendants' alternative argument that the Complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). As well, given the allegations that Plaintiff has made in the Complaint, coupled with his representations in his brief in opposition to the Motion, it appears that Plaintiff is unable to establish that subject matter jurisdiction

6

AND NOW, this 15th day of November, 2013, upon consideration of the Motion to Dismiss Complaint submitted on behalf of Defendants and Plaintiff's Brief in Support of Opposition to Motion to Dismiss Complaint, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Complaint, ECF No. 6, is granted.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Leonard Thompson
710 W. North Avenue
#502
Pittsburgh, PA 15212

All counsel of record by Notice of Electronic Filing

---

lies with this Court. As such, allowing Plaintiff to amend the Complaint would be futile and the Court declines to do so. See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (the Court is not required to allow an amended complaint to be filed where it would be inequitable or futile).